CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 2 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| DALLAS VICTOR MCCLANAHAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DIRECTOR OF THE DEPARTMENT )<br>OF CORRECTIONS, )<br>)<br>Respondent. )<br>) | Civil Action No. 7:11-cv-000340<br><br><br>**MEMORANDUM OPINION**<br><br><br>By: James C. Turk<br>Senior United States District Judge |

Petitioner Dallas Victor McClanahan filed this action as a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, challenging his detention pursuant to his May 2009

conviction for aggravated involuntary manslaughter as a result of driving under the influence.

The respondent moved to dismiss the petition, and McClanahan responded, making the matter

ripe for disposition. After review of the record, the court concludes that the motion to dismiss

must be granted.

### I. Background

McClanahan's criminal charges arose from a car accident shortly after midnight on June

23, 2008. The vehicle McClanahan was driving, with three female acquaintances as passengers,

left the road and struck a tree; one of the women died at the scene. McClanahan stood trial in the

Circuit Court for Warren County, Virginia, charged with aggravated involuntary manslaughter

and other offenses related to the accident (Criminal Case No. CR08000374).[1] The court found

---

[1] McClanahan was also convicted of leaving the scene of an accident, driving under the
influence, second offense within five years, and driving with a suspended driver's license (CR08000372,
CR08000373, and CR08000375). He does not challenge these convictions in his § 2254 petition.

McClanahan guilty on all charges,[2] and on May 26, 2009, entered judgment sentencing him to a total of twenty-two years, with fourteen years suspended, for an active sentence of six years imprisonment.

McClanahan appealed his conviction to the Court of Appeals of Virginia, challenging the sufficiency of evidence as to aggravated involuntary manslaughter. A single judge, and then a three judge panel of the Court of Appeals, denied the petition for appeal. (Record No. 1403-09-4). The Supreme Court of Virginia denied McClanahan's petition in that court on November 16, 2010. (Record No. 101286).

McClanahan then filed this § 2254 petition. McClanahan alleges that the evidence at trial was insufficient to support a conviction of aggravated involuntary manslaughter because the Commonwealth failed to prove that his behavior was criminally negligent.

## II. Discussion

When a habeas claim has been adjudicated on the merits in state court, a federal court owes considerable deference to the state court's decision with respect to that claim. Pursuant to 28 U.S.C. § 2254(d), this court may grant habeas relief on a claim that was adjudicated on the merits in state court only if the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Supreme Court has clarified that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

---

[2] McClanahan waived his right to a jury trial.

A. Applicable Law

When reviewing the sufficiency of the evidence to support a conviction, the critical

inquiry in habeas review is "whether, after viewing the evidence in the light most favorable to

the prosecution, any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in

original). The court must consider circumstantial as well as direct evidence, and allow the

prosecution the benefit of all reasonable inferences. *United States v. Tresvant*, 677 F.2d 1018,

1021 (4th Cir. 1982). The court does not weigh the evidence or review the credibility of

witnesses. *Wright v. West*. 505 U.S. 277, 296 (1992) ("In Jackson, we emphasized repeatedly the

deference owed to the trier of fact and, correspondingly, the sharply limited nature of

constitutional sufficiency review. We said that 'all of the evidence is to be considered in the light

most favorable to the prosecution'; that the prosecution need not affirmatively 'rule out every

hypothesis except that of guilt'; and that a reviewing court 'faced with a record of historical facts

that supports conflicting inferences must presume—even if it does not affirmatively appear in the

record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must

defer to that resolution.") (quoting *Jackson*, 443 U.S. at 319, 326).

In reviewing the state courts' adjudication of McClanahan's § 2254 claims, the court

must look to the reasoning of the Court of Appeals' opinion of February 17, 2010, as it is "the

last explained state-court judgment." *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991);

*Bush v. Legursky*, 966 F.2d 897, 900 (4th Cir. 1992).

3

To prove aggravated involuntary manslaughter as a result of driving under the influence, in violation of Virginia Code § 18.2-36.1,[3] the Commonwealth must prove two elements. First, under § 18.2-36.1(A), if the evidence establishes a causal connection between the driver's intoxication and the death of another person, the defendant is guilty of involuntary manslaughter. *Goodman v. Commonwealth*, 558 S.E.2d 555, 561-62 (Va. App. 2002); *Pollard v. Commonwealth*, 455 S.E.2d 283, 286 (Va. App. 1995). Second, under § 18.2-36.1(B), if the evidence proves criminal negligence–that the "conduct of the driver constitutes a great departure from that of a reasonable person (gross, wanton or willful conduct) which creates a great risk of injury to others and where by the application of an objective standard the accused should have realized the risk created by his conduct," then the driver is also guilty of aggravated involuntary manslaughter and is subject to greater criminal penalties. *Keech v. Commonwealth*, 386 S.E.2d 813, 817 (Va. App. 1989). While involuntary manslaughter convictions often involve multiple acts exhibiting gross, wanton and culpable conduct, a single act is sufficient to establish such

---

[3]   Section 18.2-36.1 statute provides as follows:

**Certain conduct punishable as involuntary manslaughter**

A. Any person who, as a result of driving under the influence in violation of clause (ii), (iii), or (iv) of § 18.2-266 or any local ordinance substantially similar thereto unintentionally causes the death of another person, shall be guilty of involuntary manslaughter.

B. If, in addition, the conduct of the defendant was so gross, wanton and culpable as to show a reckless disregard for human life, he shall be guilty of aggravated involuntary manslaughter, a felony punishable by a term of imprisonment of not less than one nor more than 20 years, one year of which shall be a mandatory minimum term of imprisonment.

C. The provisions of this section shall not preclude prosecution under any other homicide statute. This section shall not preclude any other revocation or suspension required by law. The driver's license of any person convicted under this section shall be revoked pursuant to subsection B of § 46.2-391.

conduct. *Stevens v. Commonwealth*, 603 S.E.2d 642, 650-51 (Va. App. 2004) (finding lack of

skid marks sufficient to support jurors' inference that intoxication caused victim's death).

B. The Evidence

Viewing the evidence in the light most favorable to the Commonwealth in addressing

McClanahan's claim on direct appeal, the Court of Appeals of Virginia found:

> the evidence proved that on June 23, 2008, [McClanahan] went to a restaurant with Gertrude Moore, Felicia Fix, and Savannah Flannigan. [McClanahan] consumed alcohol at the restaurant, and the group purchased beer after leaving and traveled to [McClanahan's] sister's house, where [McClanahan] consumed more alcohol. They went to a bar, and [McClanahan] drank two alcoholic beverages. A bouncer at the bar testified [McClanahan] appeared intoxicated at the time. [McClanahan's] sister drove them back to her house, but then [McClanahan] drove off with Moore and Flannigan. On the drive, [McClanahan's] car ran off the road and struck a tree, killing Moore.
>
> Christopher Noreen stopped at the scene of the accident and called the police. Noreen testified that when he told [McClanahan] he had summoned the police, [McClanahan] responded, "What did you do that for?" Noreen explained to [McClanahan] [that] someone had been hurt in the accident. Before the police arrived, [McClanahan] left the scene without informing Flannigan.
>
> The police located [McClanahan] at Moore's mother's house approximately four hours later. [McClanahan] initially told the police that he was in the passenger seat at the time of the accident, but later acknowledged that he had been driving. . . .

(ECF No. 9-2, at 1-2.)

C. McClanahan's Sufficiency Claim

In his § 2254 petition, McClanahan contends that the evidence presented at trial was

insufficient to show criminal negligence as required to support a conviction for aggravated

involuntary manslaughter under § 18.2-36.1(B). He asserts that the Commonwealth proved no

more than ordinary negligence and failed to disprove an equally probable hypothesis of

innocence, namely, that even a sober driver can accidently catch the shoulder of the road, lose

control, and strike a tree near the road. Specifically, McClanahan argues that to show criminal

negligence, the government should have been required to present evidence of reckless driving,

such as running a stoplight, failing to apply the brakes, driving over the speed limit, or driving on the wrong side of the road.[4]

McClanahan's trial counsel raised these same arguments in a motion to strike and later at the guilt phase.  At the close of the evidence on January 27, 2009, the Court found

> there is no question that the evidence shows that [McClanahan] was drunk and he was driving and that there was an accident in which a person was killed.  So there is no question that under the Statute 18.2-36.1 that the Commonwealth has shown sufficient evidence to find him guilty of involuntary manslaughter . . . .

(Tr. 149-150, Jan. 27, 2009.)  The Court took under advisement the charge of aggravated involuntary manslaughter and later found McClanahan guilty of this offense as well.  The Court specifically noted its belief that "the manner in which the accident occurred itself . . . does not reflect gross, wanton, and culpable conduct."  (Tr. 173, Feb. 2, 2009.)  Rather, the Court found that "the recurring factor [in Virginia court decisions on aggravated involuntary manslaughter] was notice to the driver that he was too intoxicated to drive or that his driving would endanger others."  (*Id.* at 174.)  The Court held that McClanahan had notice from his prior DUI conviction, the restrictions on his driver's license, and the comments of at least two other people on the night of June 23, 2008 that McClanahan was too drunk to be a safe driver.  McClanahan's choice to drive despite all these warnings, the Court held, constituted "gross, wonton, and culpable conduct that showed a callous disregard for the safety of others."  (*Id.*) (citing *Wyatt v. Commonwealth*, 624 S.E.2d 118, 121-22 (Va. App. 2006)).

McClanahan's counsel also challenged the aggravation factor on appeal.  The Court of Appeals found that

> [i]n this case, the evidence "was sufficient to prove that [McClanahan's] intoxication caused him to operate his vehicle in a manner that resulted in [the

---

[4]   McClanahan also complains that police should have administered a blood alcohol test or field sobriety test.  The evidence indicated, however, that since authorities did not locate McClanahan until four hours after the accident, these sobriety tests would not have been conclusive.

victim's] death." *Pollard v. Commonwealth*, 20 Va. App. 94, 99, 455 S.E.2d 283, 286 (1995).

In addition, [McClanahan] had been warned by the bouncer at the bar and by his sister when they returned to her house that he was too intoxicated to drive. [McClanahan's] sister confiscated [McClanahan's] car keys, but he started the car with a spare key and drove away. [McClanahan] admitted after the accident that they "were all drunk." Nevertheless, [McClanahan] chose to drive with two passengers, and his reckless driving resulted in his striking the tree with enough force to kill Moore. The evidence demonstrated that [McClanahan] was under the influence of alcohol at the time he was driving and that the alcohol severely impaired his ability to operate the vehicle.

\* \* \*

The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [McClanahan] was guilty of aggravated involuntary manslaughter . . . .

(ECF No. 9-2, at 2-3, 4.)

After reviewing this record, the court cannot find that McClanahan has met the standard under *Jackson* for habeas relief on his claim of insufficient evidence. First, the Supreme Court in *Jackson* expressly rejected McClanahan's argument that the habeas reviewing court must eliminate all hypotheses of innocence.[5] 443 U.S. at 326. Thus, McClanahan's argument that even a sober driver can hit a tree does not help him here, because a reasonable fact-finder could also have found from the evidence in McClanahan's case that his drunken driving caused the accident.

Second, Virginia courts have concluded that the aggravation element of § 18.2-36.1(B) can be met without evidence of any specific act of reckless driving before the accident. Because the evidence shows McClanahan had clear notice that his high level of intoxication had greatly impaired his ability to drive safely, McClanahan's choice to drive in that state constituted a

---

[5] The sufficiency test in Virginia in a circumstantial evidence case is whether the Commonwealth has excluded all reasonable hypotheses of innocence. *Strawderman v. Commonwealth*, 108 S.E.2d 376 (Va. 1959). A federal habeas court does not apply the stricter state standard of review for sufficiency of the evidence, since such a state evidentiary rule does not rise to the level of a constitutional claim. *Inge v. Procunier*, 758 F.2d 1010 (4th Cir. 1985). Therefore, on federal habeas review, circumstantial evidence need not exclude every reasonable hypothesis of innocence. *United States v. Jackson*, 863 F.2d 1168, 1173 (4th Cir. 1989).

"gross, wanton or willful" departure from the conduct a reasonable person would have chosen and satisfies the criminal negligence element of aggravated involuntary manslaughter under § 18.2-36(B).  *Keech*, 386 S.E.2d at 817.  Thus, in satisfaction of the *Jackson*  standard for sufficiency, 443 U.S. at 319, a reasonable fact finder applying Virginia law to the facts of McClanahan's case could find that his conduct was gross, wanton or willful, in satisfaction of the aggravation element of § 18.2-36(B).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. v. McGuire*, 502 U.S. 62, 67-68 (1991).

For the stated reasons, the court cannot find, under § 2254(d), that the Virginia courts' disposition of McClanahan's sufficiency of the evidence claim was contrary to or an unreasonable application of federal law or that it was based on an unreasonable determination of the facts.  Therefore, the court concludes that the motion to dismiss must be granted.  An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER:  This 2 nd day of February, 2012.

Senior United States District Judge